RIVERA, DEMANDANTE Y APELADO, *v.* MARTÍNEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre libelo, y daños y perjuicios.

MOCIÓN para que se deje sin efecto un mandamiento de ejecución.

No. 2094.—Resuelto en febrero 16, 1920.

SENTENCIA—PESOS—DOLLARS.—No cometió error la corte de distrito al ordenar que se embargaran bienes del demandado por valor de tres mil dollars para ejecutar la sentencia dictada en apelación por el Tribunal Supremo condenándolo al pago de tres mil pesos, por cuanto según la opinión de la corte que sirvió de base a la sentencia, la palabra ''pesos'' se usó como equivalente de ''dollars''. Además, si fuera traducible al español la palabra inglesa ''dollar'', esa traducción sería ''un peso'', como ocurre frecuentemente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. V. P. Martínez.*

Abogado del apelado: *Sr. L. Llorens.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En caso civil seguido ante la Corte de Distrito de Aguadilla por José C. Rivera contra Víctor P. Martínez sobre daños y perjuicios por libelo, dicha corte dictó sentencia en 26 de octubre de 1917 declarando con lugar la demanda y sin lugar la reconvención del demandado, al que condenó al pago de la suma de un dollar, honorarios de abogado en la suma de un dollar y las costas del litigio.

La anterior sentencia fué modificada en grado de apela-

ción por la de esta Corte Suprema de 6 de diciembre de 1918, "en el sentido de que el demandado sea como es condenado a pagar al demandante la suma de tres mil pesos, los honorarios de abogado y las costas del litigio."

El demandante radicó moción en la Secretaría de la Corte de Aguadilla con fecha 24 de julio de 1919 solicitando se librara por el secretario el correspondiente mandamiento u orden de ejecución de la sentencia en cuanto a la condena de tres mil dollars, y dicha corte accedió a lo solicitado por orden de la misma fecha, expidiéndose al márshal el man-, damiento de ejecución en los términos indicados.

De la anterior orden solicitó reconsideración el demandado Víctor Martínez, por haberse mandado ejecutar una sentencia por tres mil dollars cuando esta Corte Suprema había señalado únicamente una cantidad nominal de tres mil pesos, por no haber justificado el demandante los daños, cuya reconsideración fué denegada por orden de la misma fecha 24 de julio, y entonces interpuso Martínez recurso de apelación para ante esta Corte Suprema.

Alega el apelante para sostener el recurso que la corte de Aguadilla no tenía jurisdicción para ejecutar la sentencia de esta Corte Suprema variándola sustancialmente como lo hizo, sustituyendo la cantidad de tres mil pesos por la de tres mil dollars y que la sentencia en pesos es inejecutable o nominal, careciendo por tanto de derecho la parte demandante para pedir la ejecución de ella. Cita el apelante como infringidos los artículos 239 y 240 del Código de Enjuiciamiento Civil, que son los 5251 y 5252 de la Compilación de los Estatutos Revisados y Códigos de Puerto Rico, y además el artículo 6621 de los mismos estatutos o sea la sección 11 de la Ley Foraker, ordenando el canje de la moneda provincial por la de cuño de los Estados Unidos y que ninguna otra sería de curso legal.

La cuestión envuelta en el recurso es si la sentencia de esta Corte Suprema de 6 de diciembre de 1918 modificando la de la corte inferior en el sentido de que el demandado fuera

condenado a pagar al demandante la suma de tres mil pesos, los honorarios de abogado y las costas del litigio, debe entenderse como entiende y sostiene el demandado en el sentido de condenarle al pago de tres mil pesos de la antigua moneda provincial, hoy sin curso legal.

No fué el propósito de esta corte condenar al demandado Víctor Martínez al pago de la suma de tres mil pesos provinciales sino al pago de la suma de tres mil dollars, que es la moneda de curso legal en esta Isla, tomando la palabra "pesos" como sinónima de la de "dollars," y lo demuestra la opinión de la corte que sirve de fundamento a la sentencia, 26 D. P. R. 760, en cuya opinión la corte dijo:

"Las excepciones fueron desestimadas y celebrada la vista la corte dictó sentencia declarando con lugar la demanda y sin lugar la reconvención y condenando al demandado a pagar al demandante la suma de un peso, honorarios de abogado en la suma de un peso y las costas del litigio."

Y más adelante agrega:

"No obstante haber llegado a las anteriores conclusiones la corte (de Aguadilla) estimando que el demandante no había aportado evidencia alguna de los elementos esenciales que agravan los daños inferidos * * * se limitó a condenar al demandado como ya hemos dicho a pagar al demandante la suma de un peso por toda indemnización."

Como se ve, esta Corte Suprema al referirse a la sentencia de la Corte de Distrito de Aguadilla sustituye la palabra "dollars" por la de "pesos", cual si ambas tuvieran la misma significación, y de igual modo procedió al dictar la sentencia de 6 de diciembre de 1918 cuya ejecución se ha ordenado.

Y es de notar que esta Corte Suprema no revocó en absoluto la sentencia de la Corte de Aguadilla si no que la modificó en el sentido de que el demandado fuera condenado a pagar al demandante la suma de tres mil pesos en lugar de la suma de un dollar en que venía condenado, debiendo

por tanto ser los tres mil pesos moneda idéntica e igual a la del dollar pues no se varió la calidad de la moneda sino la cuantía de la indemnización.

La indemnización en que fué condenado Martínez según muestra nuestra opinión en el caso no fué por daños nominales sino por daños reales, y por tanto, no puede entenderse nominal si no real y efectiva la indemnización de tres mil pesos en que ha sido condenado.

Además, si la palabra inglesa "dollar" es traducible al español, esa traducción sería la de "peso", como frecuentemente sucede.

La Corte de Distrito de Aguadilla al ordenar la ejecución de la sentencia en la forma en que lo hizo no obró en contradicción con lo ejecutoriado y, por tanto, lejos de ser infringidos han tenido debida aplicación los preceptos legales que invoca el recurrente.

Es de confirmarse la orden apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.